IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SOUTHEAST SUPPLY HEADER, LLC**                       **PLAINTIFF**

VS.                                          Civil Action No. 2:07cv208KS-MTP

**54 ACRES IN LAWRENCE COUNTY,
MISSISSIPPI, FRED H. ROBINSON, DIANNE A.
ROBINSON, GEORGE'S PLACE, INC., AND
UNKNOWN PERSONS HAVING INTERESTS**            **DEFENDANTS**

## AGREED ORDER CONFIRMING PLAINTIFF'S RIGHT TO CONDEMN EASEMENTS AND GRANTING A PRELIMINARY AND PERMANENT INJUNCTION AUTHORIZING IMMEDIATE ENTRY

This Cause came on for hearing on November 16, 2007, on the Motion of the Plaintiff, Southeast Supply Header, LLC ("SESH"), for Confirmation of Condemnation of Easements and for Preliminary and Permanent Injunction Authorizing Immediate Entry (the "Motion") and on Defendants' Objection to the Motion ("Defendants' Objection"). The Court, having considered the Motion and Defendants' Objection, and being advised that the parties are in agreement hereto, finds that the Motion is well taken and should be granted.

### JURISDICTION AND VENUE

1.      SESH is a natural gas company as defined by Section 2(a) of the Natural Gas Act (the "Act"), 15 U.S.C. § 717(a)(6). SESH has been issued a Certificate of Public Convenience and Necessity ("Certificate") by the Federal Energy Regulatory Commission ("FERC") to construct, operate and maintain an interstate natural gas pipeline.

2. This action is governed by the section 717f(h) of the Natural Gas Act, which provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State Courts.

15 U.S.C. S 717f(h).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce. Jurisdiction is also proper in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## CONFIRMATION OF THE PLAINTIFF'S RIGHT TO CONDEMN

4. After the Certificate was issued, SESH filed the Verified Complaint for Condemnation under the Act pursuant to Rule 71A of the Federal Rules of Civil Procedure, and the Motion, condemning a permanent and perpetual right of way and easement (the "Permanent Right of Way") and a temporary right of way and easement for work space (the "Temporary Work Space") pursuant to the pipeline alignment as approved by FERC through the issuance of the Certificate, which is described and shown in "Exhibit A" to this Order, under, upon, across and through land owned by the Defendants, which is described in "Exhibit B" to this Order. On October 1, 2007, this Court entered its Order (the "Consolidation Order") consolidating this and all other

condemnation actions filed by SESH arising out of the Certificate (the "SESH Condemnation Actions"), for administrative purposes only, and set the Motion for hearing on Friday, November 16, 2007 in all SESH Condemnation Actions in which service of process was complete on or before November 5, 2007 (the "Hearing"). SESH served on each Defendant notice of the Consolidation Order and the November 16 Hearing in the form approved by this Court ("Notice of Consolidation and Hearing"). The Notice of Consolidation and Hearing also notified the Defendants of their right to object to the Consolidation Order by filing a written objection within ten days of service. No objections to the Consolidation have been filed.

5. The Court finds that the Defendants were duly and property served with the Notice required by Rule 71A, the Verified Complaint for Condemnation, the Notice of Consolidation and Hearing, the Motion and the Memorandum of Authorities in support thereof.

6. The Court finds the Defendants filed an objection to the Motion, but that by this Agreed Order, have agreed to the relief sought as provided herein. The Defendants reserve their right to a determination of just compensation by this Court. The Court has considered the Motion, Defendants' Objection, and the agreement by the Parties, and finds that the Motion should be granted.

7. Accordingly, the Court finds that SESH is the holder of a valid Certificate of Public Convenience and Necessity issued by FERC, that SESH has satisfied all requirements of the Natural Gas Act, 15 U.S.C. § 717f(h), that the interests condemned by SESH are consistent with the authority granted it by the Certificate and within the scope of such authority, and that SESH is authorized by the Act to exercise the power of

eminent domain. Therefore, the Court hereby confirms SESH's right to condemnation of the easements and rights of way identified in Exhibit A hereto.

## PRELIMINARY AND PERMANENT INJUNCTION GRANTING ACCESS

8. SESH also requested the Court to grant it a preliminary and permanent injunction authorizing it to enter upon the Property to begin construction related activities on the Project.

9. Having considered the Motion and supporting memorandum, Defendants' Objection, and the agreement of the parties herein, the Court finds that the Defendants agree that SESH be awarded immediate access to the easements and temporary work space condemned.

10. The grant of the injunction to permit SESH to begin construction prior to the determination of just compensation will not cause the Defendants to lose or compromise any right they have to just compensation under federal law. The value of just compensation is not affected one way or the other by SESH beginning the Project prior to the determination of compensation. Moreover, SESH has paid into the Court's registry an amount equal to its estimation of just compensation to be paid, and the Defendants may withdraw those funds upon the entry of this Order without waiving any right to argue at trial that just compensation should be higher.

11. Accordingly, the Court finds that SESH shall be awarded a preliminary and permanent injunction permitting it an immediate right of entry upon the Defendants' Property identified in Exhibit B for the purpose of beginning construction activities along the permanent and perpetual right of way and easement (the "Permanent Right of Way")

and a temporary right of way and easement for work space (the "Temporary Work Space") pursuant to the pipeline alignment as approved by FERC, which is described and shown in Exhibit A. SESH may immediately begin construction related activities for the purpose of constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, or abandoning and/or removing the Pipeline, and any and all necessary or useful appurtenances thereto, in a manner consistent with the FERC Certificate and FERC regulations, for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by SESH to be necessary or desirable in connection with such line. The Temporary Work Space is a space parallel and contiguous to the permanent easement and right-of-way, or other additional space, as described on Exhibit A, for use by SESH and its employees, contractors or other agents during the construction of the pipeline. After SESH determines that construction activities and other regulatory obligations have been completed, the Temporary Work Space will expire and revert to Defendants. SESH shall have no rights in oil, gas or other minerals.

12. Defendants' shall retain the right to cultivate or otherwise make use of the lands for purposes in a manner which will not interfere with the construction activities of SESH or the enjoyment or use of the rights granted to SESH. SESH shall have the right to reasonably limit access to the Permanent Right-of-Way and Temporary Work Space, and to remove, clear and keep clear therefrom any and all obstructions which may interfere with the use of the Permanent Right-of-Way and Temporary Work Space.

13. The parties have agreed that during the construction SESH will erect fencing along the work space during construction in an effort to minimize the risk of

harm to the Defendants' livestock as a result of the construction. SESH also agrees that it will provide a reasonable means of crossing the trench and construction area as may reasonably be necessary by the Defendants in the operation of the farm. SESH will construct crossings on the existing access roads that will permit loaded gravel trucks to cross the pipeline at those points. SESH is informed that Defendant operates a gravel quarry on the property. SESH will evaluate the area adjacent to the right of way near the gravel quarry to determine if additional right of way space may be needed to provide for a sloping buffer zone between the gravel operations and the right of way. SESH will access the Permanent Right of Way and Temporary Work Space from the public roadway. No right of ingress or egress over other property of Defendants is provided by this Order. In the event that additional ingress or egress is needed by SESH, the parties will work reasonably for an accommodation in that regard.

SO ORDERED This the 16th day of November, 2007.

_____
HON. KEITH STARRETT
UNITED STATES DISTRICT COURT JUDGE


AGREED:

_____
James A. McCullough, II
Attorney for Plaintiff

_____
James C. Martin
Attorney for Defendants